```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**GREG DUGAS,**

           **Plaintiff,**

    **vs.**                                                      **Civil Action 2:15-CV-67**
                                                                       **Judge Sargus**
                                                                       **Magistrate Judge King**

**BRIAN WITTRUP,**

           **Defendant.**

## OPINION AND ORDER

This matter is before the Court on *Defendant Brian Wittrup's Rule 62 Motion for Stay of Proceedings*, ECF 59 ("*Motion to Stay*").

**I.  BACKGROUND**

Plaintiff, an inmate currently incarcerated at the Chillicothe Correctional Institution ("CCI"), brings this action under 42 U.S.C. § 1983, alleging that defendant was deliberately indifferent to a serious risk of harm to plaintiff's safety in violation of plaintiff's constitutional rights. *See generally Complaint*, ECF 1.  Plaintiff seeks an order directing defendant to re-classify him to protective control status and to transfer him to another facility. *Id*. at pp. 3-4.

On March 13, 2015, the Court, over plaintiff's objection, denied plaintiff's motion for a temporary restraining order. *Opinion and Order*, ECF 24.  Plaintiff appealed this decision. ECF 35.  The Court later denied plaintiff's motion to reconsider the denial of his request for a temporary restraining order. *Opinion and Order*, ECF 40.

1

On May 8, 2015, plaintiff appealed that decision.  ECF 58.

Following the filing of the notices of appeal, plaintiff asked the Court to again reconsider its denial of his motion for temporary restraining order and denial of his request to reconsider that decision.  ECF 44, 60.  On June 4, 2015, this Court denied plaintiff's motions to reconsider.  *Order*, ECF 74 (denying motions, ECF 44 and 60).

In addition to these motions to reconsider, plaintiff has filed several other motions since the filing of his appeal, including, *inter alia*, a motion for summary judgment, a motion for judgment on the pleadings, and a motion for preliminary injunction.  *See* ECF 29, 30, 47, 48, 51, 53, 63, 65, 77, 78.  Defendant now moves for a stay of all proceedings in this case pursuant to Rule 62 of the Federal Rules of Civil Procedure pending a decision on both appeals by the United States Court of Appeals for the Sixth Circuit.  *Motion to Stay*.  Plaintiff opposes the *Motion to Stay*, ECF 71 ("*Opposition*").  No reply has been filed.

**II.  STANDARD**

Rule 62 of the Federal Rules of Civil Procedure provides that, "unless the court orders otherwise," an appeal taken in an action for an injunction does not stay the proceedings.  Fed. R. Civ. P. 62(a).  A district court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254

(1936). The party seeking a stay of proceedings bears the burden of establishing the "pressing need for delay" and "that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. United States District Court, Southern District of Ohio, Eastern Division*, 565 F.2d 393, 396 (6th Cir. 1977). *See also Landis*, 299 U.S. at 255 (stating that the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else").

In determining whether or not to grant a stay of proceedings, a court may consider the following factors: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F. Supp.2d 829, 831 (N.D. Ohio 2004) (citing *Landis*, 299 U.S. at 255). *See also Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 U.S. Dist. LEXIS 25358, at *7 (S.D. Ohio Oct. 21, 2005) ("There is no precise test in this Circuit for when a stay is appropriate. However, district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy.").

Finally, "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council,* 565

F.2d at 396. *See also Landis*, 299 U.S. at 255 (noting that a stay of proceedings occurs "[o]nly in rare circumstances").

**III. DISCUSSION**

Defendant urges that a stay is appropriate "in order to avoid antagonistic decisions, to save scarce judicial resources, and to avoid prejudice to the parties[.]" *Motion to Stay*, p. 2. These generalized assertions, however, do not establish a "pressing need for delay" or otherwise explain how a stay in this case serves judicial economy or the public interest. *Cf*. *Landis*, 299 U.S. at 255; *Ohio Envtl. Council*, 565 F.2d at 396; *Michael*, 325 F. Supp.2d at 831. Moreover, defendant has not explained how a stay of the case in its present posture would "avoid antagonistic decisions." Although plaintiff has filed motion(s) for summary judgment and memoranda related to those motions, ECF 51, 61, 62, this Court has already extended the briefing on the motion(s) until after the Sixth Circuit addresses plaintiff's appeals. *See Order*, ECF 69 (directing defendant to respond to ECF 51, 61, 62, "no later than August 13, 2015, or upon the date that the appeals are completed and the mandates returned from the Sixth Circuit, whichever is later"). In other words, there is no risk that this Court will issue a ruling inconsistent with that rendered by the Court of Appeals on these issues. If defendant believes that plaintiff's request for immediate injunctive relief, ECF 63, also raises issues that are before the Sixth Circuit, defendant remains free to advance that argument during the briefing as discussed *supra*. Under these circumstances, the Court cannot conclude that

4

defendant has identified the "rare circumstances" that would justify a stay of proceedings in this case.  Accordingly, *Defendant Brian Wittrup's Rule 62 Motion for Stay of Proceedings*, ECF 59, is **DENIED**.[1]

Having so concluded, and in order to clarify the present record, the Court now addresses the status of the pending motions.

Plaintiff has filed a document captioned, "*Omnibus Motion*," ECF 29.  To the extent that the *Omnibus Motion* asks the Court to reconsider its March 10, 2015 *Opinion and Order*, ECF 24, that request has been denied.  *See Opinion and Order*, ECF 40; *Order*, ECF 74.  The *Omnibus Motion* also contains other requests for relief, which defendant has opposed.  *See* ECF 37, 38, 39.  Plaintiff has filed a reply.  ECF 57.

Plaintiff has moved for declaratory judgment.  ECF 30.  Defendant has opposed that motion, ECF 41, and plaintiff has filed a reply, ECF 52.

On April 23, 2015, plaintiff filed another motion containing a number of forms of relief, including a request for oral argument and a request to disqualify the undersigned.  ECF 47.  It does not appear that defendant has responded to this motion.  If he intends to do so, defendant must respond no later than June 26, 2015.  Plaintiff's reply, if any, will be due within rule.

On April 24, 2015, plaintiff filed a document captioned, "*Plaintiff's Motion for Leave of Court to Juxtipose a Final – and

---

[1] Of course, this denial does not impact the Court's prior *Order*, ECF 69, extending the deadline for defendant to respond to plaintiff's motion(s) for summary judgment, ECF 51, 61, 62, or any other briefing schedule set forth *supra*.

5

*Novel – Supreme Court Case – Precedent, i.e., Supreme Court Argument Into the Base Formula of the Case's Standings for Good Cause Shown*," ECF 48 [sic]. The record does not reflect that defendant has responded to this motion. If he intends to do so, defendant must respond no later than June 30, 2015. Plaintiff's reply, if any, will be due within rule.

On May 1, 2015, plaintiff filed a document captioned, "*Motion for Equitable Tolling Doctrine and Declaration in Support*," ECF 53. Again, the record does not reflect that defendant has responded to this motion. If he intends to do so, defendant must respond no later than June 30, 2015. Plaintiff's reply, if any, will be due within rule.

On May 15, 2015, plaintiff filed a document entitled, "*Notice of Change in Plaintiff Dugas' Status Quo and Notice of Fraud Upon the Court by the Defendants and Their Counsel*," ECF 63, which appears to be a motion seeking immediate injunctive relief. This filing, however, appears to be missing paragraph numbers 2, 3, and 4. *Id*. at 1-2. On May 15, 2015, this Court ordered plaintiff to file a complete copy of this motion. *Order*, ECF 64. Plaintiff has not done so. If plaintiff intends to pursue the relief requested in his filing, ECF 63, plaintiff must file a complete copy of that request no later than June 30, 2015. Plaintiff's failure to do so will result in the denial of the motion. If defendant intends to respond to this request, he shall do so within ten (10) days of the filing of the complete copy of

the motion. Plaintiff's reply, if any, must be filed no later than seven (7) days after the filing of defendant's response.

On May 18, 2015, plaintiff moved to compel certain information. ECF 65. The record does not reflect that defendant has responded to this motion. If he intends to do so, defendant shall respond to this motion no later than June 30, 2015. Plaintiff's reply, if any, will be due within rule.

"*Plaintiff Dugas' Motion for Correction or Modification of the Record as Provided by FRAP (10)(e)(1)*, ECF 77, was filed on June 11, 2015. This motion will be briefed within rule.

On June 11, 2015, plaintiff also filed a document entitled, "*Plaintiff Dugas' Motion Pursuant to FRAP 11(g) to Direct the District Court's Clerk's Office to Immediately Forward Parts of the Record to the Sixth Circuit Court of Appeals' Clerk's Office as Part of an Emergency Motion Filed by Dugas in the Sixth Circuit Court of Appeals*," ECF 78. The Sixth Circuit has full access to the Court's electronic docket; there is no need to forward a hard copy of a filing to the Court of Appeals. Plaintiff's motion pursuant to Fed. R. App. P. 11(g), ECF 78, is therefore **DENIED**.


June 18, 2015                                              *s/Norah McCann King*
                                                              Norah McCann King
                                                        United States Magistrate Judge