IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREG DUGAS,

        Plaintiff,

  vs.                             Civil Action 2:15-CV-67
                                    Chief Judge Sargus
                                    Magistrate Judge King

BRIAN WITTRUP,

        Defendant.

## ORDER AND REPORT AND RECOMMENDATION

**I.**

Plaintiff, formerly a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Brian Wittrup, Chief of the Bureau of Classification for the Ohio Department of Rehabilitation and Correction ("ODRC"), alleging that defendant was deliberately indifferent to a serious risk of harm to plaintiff's safety in violation of plaintiff's constitutional rights. *See generally Complaint*, ECF No. 1.  While he was incarcerated at the Belmont Correctional Institution ("BeCI"), plaintiff testified against a gang member. *Id*. at 4-5.  In or around early November 2014, plaintiff was transferred to Chillicothe Correctional Institution ("CCI") and placed in the general population. *Id*. at 5-6, 12, 14.  After plaintiff's request to be placed in protective control at CCI was denied, *id*. at pp. 15-17, plaintiff, while still incarcerated at CCI, filed the instant action and moved for a temporary restraining order, seeking an order directing

defendant to re-classify plaintiff to protective control status and to transfer plaintiff to the Allen Oakwood Correctional Institution until plaintiff's current sentence expired in or around October 2015.  *See* ECF No. 2 ("*Motion for Temporary Restraining Order*").

The Court later denied plaintiff's *Motion for Temporary Restraining Order* as well as subsequent requests to reconsider that denial, all of which plaintiff appealed.  *See Order and Report and Recommendation*, ECF No. 13; *Opinion and Order*, ECF No. 24; *Notice of Appeal*, ECF No. 35; *Notice of Appeal*, ECF No. 58; *Amended Notice of Appeal*, ECF No. 75; *Amended Notice of Appeal*, ECF No. 89.  The United States Court of Appeals for the Sixth Circuit ultimately dismissed the appeals for want of prosecution.  *Order*, ECF No. 94.  No mandate was issued.

Prior to and following the filing of his appeals, plaintiff filed numerous motions, several of which remain pending, including plaintiff's motion for summary judgment, ECF No. 51, and his motion for immediate injunction, ECF No. 63.  *See* ECF Nos. 29, 30, 47, 48, 51, 53, 63, 65, 77, 90, 92, 95.  Following the Sixth Circuit's *Order*, plaintiff moved for a ruling on his motion for summary judgment and advised that he "WAIVES <u>all other pending motions</u> other than Doc #s 51, 61, 62, 63, as MOOT, because he has been released from Ohio custody.  (To W.Va. custody)[.]"  ECF No. 95, p. 2 (emphasis in original).  By separate filing, plaintiff specifically advised the Court that he is currently in the custody of North Central Regional Jail in Greenbrier, West Virginia.  ECF No. 96.

2

As an initial matter, the Court notes that ECF Nos. 61 and 62 do not appear as separately pending motions on the Court's pending motions list and apparently contain arguments and evidence in support of plaintiff's motion for summary judgment, ECF No. 51.  See "*Formal Briefing of ECF 51 Plaintiff's Motion for Summary Judgment as to Defendants Wittrup, Ruiz, and Stevens, Along with Plaintiff's Motion to Amend His Complaint to Add as Defendants CCI Warden Jenkins, MACI Warden Richard, MACI Deputy Warden Bogan, CCI Investigator Paul Arledge, MACI Captain Connolly, MACI Sergeant Gilliam, and MACI John Doe Officers to be Named Following Discovery*," ECF No. 61; "*Plaintiff's Declaration in Support of Summary Judgment to Provide Mandatory Judicial Notice to Sections II.) A, B, C, D, E, and F*," ECF No. 62.  This Court previously granted defendant until August 13, 2015, or "upon the date that the appeals are completed and the mandates returned from the Sixth Circuit Court of Appeals, whichever is later." *Order*, ECF No. 69.  In responding to plaintiff's present request for a ruling on his motion for summary judgment, defendant notes that no mandate has issued from the Court of Appeals and asks until October 29, 2015 to respond to the motion for summary judgment. ECF No. 97.

After considering the arguments of the parties as well as the procedural posture of this case, plaintiff's motion for a ruling on his motion for summary judgment, ECF No. 95, is **GRANTED in part**.  The Court shall rule on plaintiff's motion for summary judgment once that motion is fully briefed.  To that end, defendant may have until

3

December 10, 2015 to respond to plaintiff's motion for summary judgment and supporting materials, ECF Nos. 51, 61, 62.  Plaintiff's reply, if any, shall be filed within rule, *i.e.*, within fourteen (14) days after the date of service of defendant's memorandum in opposition.

The Court notes that plaintiff specifically "WAIVES <u>all other pending motions</u> other than Doc #s 51, 61, 62, 63, as MOOT[.]"  ECF No. 95, p. 2 (emphasis in original).  Accordingly, the Court will direct the Clerk to remove the following motions from the Court's pending motions list:  ECF Nos. 29, 30, 47, 48, 53, 65, 77, 90, 92.

## II.

While he was still incarcerated at CCI, plaintiff moved for "an immediate court injunction to be issued against the defendants to abate Dugas' substantial risk of a retaliatory attack."  ECF No. 63, PAGEID#:564 ("*Motion for Injunction*").[1]  *See also id*. at PAGEID#:566 ("I Respectively Ask For Judicial Intervention to Secure My Future Safety[.]").  Plaintiff specifically avers that "these defendants have now removed his 'red (pc) flag' from his segregation cell, have forced Dugas to now live in a general population setting, and Dugas was given a general population cell mate."  *Id*. at PAGEID#:564.  According to plaintiff, the removal of the red flag – which ended his single-cell status – demonstrates disregard of risk of harm to plaintiff's safety.  *See generally Motion for Injunction*, ECF No. 85.

---

[1] Plaintiff later supplemented the *Motion for Injunction*'s missing paragraph numbers.  *See* ECF No. 85.

As plaintiff concedes, he presently resides in the North Central Regional Jail in Greenbrier, West Virginia and is no longer in the custody of CCI or the ODRC.  Accordingly, plaintiff's request for injunctive relief is now moot in view of the fact that plaintiff is not currently incarcerated at CCI.  *See Henderson v. Martin*, No. 01-2463, 73 Fed. App'x 115 (6th Cir. Aug. 4, 2003) (holding that a prisoner's claim for injunctive relief is rendered moot by the prisoner's transfer from the facility about which he complains); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that inmate's claims for declaratory and injunctive relief became moot upon the inmate's transfer from the prison about which he complained).  Accordingly, it is **RECOMMENDED** that plaintiff's motion for an immediate injunction, ECF 63, be **DENIED**.

The Court **DIRECTS** the Clerk to remove the following motions from the Court's pending motions list:  ECF Nos. 29, 30, 47, 48, 53, 65, 77, 90, 92.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to

the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


November 30, 2015                              *s/Norah McCann King*
                                                  Norah McCann King
                                            United States Magistrate Judge