IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREG DUGAS,

        Plaintiff,

  vs.                                    Civil Action 2:15-cv-67
                                         Chief Judge Sargus
                                         Magistrate Judge King

BRIAN WITTRUP,

        Defendant.


**REPORT AND RECOMMENDATION**

     Plaintiff, formerly incarcerated by the State of Ohio, brought this civil against Brian Wittrup, Chief of the Bureau of Classification for the Ohio Department of Rehabilitation and Correction ("ODRC"), alleging that defendant was deliberately indifferent to a serious risk of harm to plaintiff's safety in violation of plaintiff's constitutional rights.  On February 2, 2016, the Court denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment. *Order*, ECF No. 105. Final judgment was entered that same date. *Judgment*, ECF No. 106. This matter is now before the Court on plaintiff's June 27, 2016, *Motion by Plaintiff Greg Dugas Pursuant to Rule 60(b) for Relief from the Final Judgment and Order of the Court*, ECF No. 112 ("*Motion for Relief from Judgment*"), and on plaintiff's July 22, 2016, *Motion and Supporting Declaration by Plaintiff Greg Dugas to Reopen the Time to File an Appeal*, ECF No. 116 ("*Motion to Reopen Time to File an Appeal*"). Defendant opposes the *Motion for Relief from Judgment, Defendant Brian*

1

*Wittrup's Response to Plaintiff's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(Doc. 112),* ECF No. 114, but has not responded to the *Motion to Reopen Time to File an Appeal.* Plaintiff has filed a reply in support of the *Motion for Relief from Judgment. Plaintiff Greg Dugas's Reply to Defendant Brian Wittrup's Response to His FRCP 60(b) Motion for Relief from Judgment,* ECF No. 118 ("*Reply*"). For the reasons that follow, it is **RECOMMENDED** that the *Motion for Relief from Judgment* be **DENIED.** It is **FURTHER RECOMMENDED** that the *Motion to Reopen Time to File an Appeal* be **DENIED.**

**Background**

The *Complaint* alleged that defendant Wittrup was deliberately indifferent to a substantial risk of serious harm to plaintiff when defendant denied plaintiff's requests for protective control. *See generally Complaint,* ECF No. 1. Plaintiff also alleged that Ohio's classification and transfer policies are flawed, creating unsafe environments in its facilities. *Id*. The *Complaint* sought injunctive relief as well as nominal and punitive damages. *Id*. at PAGEID# 3-4, 9-10.

As noted *supra*, plaintiff's motion for summary judgment was denied and defendant's motion for summary judgment was granted. Specifically, the Court determined that plaintiff's request for injunctive relief had been rendered moot when plaintiff was transferred out of the custody of the ODRC. *See Order and Report and Recommendation*, ECF No. 104, PAGEID# 772; *Order,* ECF No. 105 (adopting that *Order and Report and Recommendation*). The Court denied

plaintiff's demand for monetary relief, to the extent that it was asserted against defendant in his official capacity, as foreclosed by the Eleventh Amendment to the United States Constitution. *See Order and Report and Recommendation*, ECF No. 104, PAGEID# 772-73 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011)). In considering plaintiff's demand for monetary damages as against defendant in his individual capacity, the Court granted summary judgment to defendant on plaintiff's claim of deliberate indifference in violation of the Eighth Amendment to the United States Constitution:

> . . . [P]laintiff has offered nothing more than a generalized concern for his safety from unidentified inmates. Under these circumstances, plaintiff has failed to meet the objective prong of his deliberate indifference claim.
> Furthermore, plaintiff has not satisfied the subjective prong of his claim, which requires that he show that defendant Wittrup knew of and yet disregarded an excessive risk to plaintiff's safety, *i.e.*, that defendant "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer [v. Brennan]*, 511 U.S. [825,] 837 [(1994)]. Moreover, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 830 (stating that a "prison official's duty under the Eighth Amendment is to ensure 'reasonable safety'") (citation omitted)). In the case presently before the Court, plaintiff has failed to show that defendant was aware of facts showing that plaintiff faced a substantial risk of serious harm or that defendant drew such an inference. . . . CCI [*i.e.,* the prison in which plaintiff had been housed] conducted an investigation following plaintiff's request for placement in protective control but discovered no evidence of an actual, particularized threat to plaintiff's safety. *Arledge Affidavit*, ¶¶ 11-12 (averring further that plaintiff "was unable to provide any names of the inmates with whom he was playing pool or the names of the inmates looking for him at

>    CCI"). Moreover, plaintiff was in segregation at CCI from November 8, 2014, until at least January 9, 2015 and "has not been harmed and does not claim that he has been harmed since his arrival at CCI on November 3, 2014." *Id*. at ¶¶ 13-14.  Indeed, although he was not released from CCI until September 2015, *see Notice*, ECF No. 96, plaintiff offers no evidence that he was specifically threatened or harmed prior to his release.  Therefore, nothing in the present record establishes either that defendant was aware that plaintiff faced a substantial risk of serious harm or failed to respond reasonably to any such risk. *See Farmer*, 511 U.S. at 830, 837. *Cf. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992) ("The fact that the defendants knew that SPSM housed many violent prisoners and that prison violence did occur is not sufficient to constitute deliberate indifference.").  Accordingly, plaintiff's claim for monetary damages against defendant in his personal capacity is without merit.

*Id*. at PAGEID# 775-77.

### *Motion for Relief from Judgment*

The *Order and Report and Recommendation*, ECF No. 104, was adopted without objection, *Order*, ECF No. 105, and final judgment was entered in favor of defendant on February 2, 2016. *Judgment*, ECF No. 106. Plaintiff now moves for relief from that final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *Motion for Relief from Judgment*

Rule 60(b) permits a district court to grant relief from judgment for the following reasons:

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

4

>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Plaintiff argues, first, that the Court made a mistake in denying plaintiff's motion for summary judgment because, in doing so, the Court referred only to the filing reflected at ECF No. 51, rather than to ECF Nos. 61, and 62, which contain the entirety of his motion for summary judgment. Plaintiff asks that the Court "conduct a second judicial review of his pro-se summary judgment papers and to adjudicate all three of his pro-se filings, . . . as one, single motion for summary judgment." *Motion for Relief from Judgment,* PAGEID# 790. However, the Court in fact considered all three filings made by plaintiff in connection with his motion for summary judgment. *See, e.g., Order and Report and Recommendation,* ECF No. 104, PAGEID# 760 ("This matter is now before the Court on plaintiff's motion for summary judgment, ECF No. 51 . . ., *see also* ECF No. 61 ('*Plaintiff's Formal Summary Judgment Briefing and Motion to Amend*')," 778 (expressly referring to ECF No. 61); 763 (expressly referring to "*Plaintiff's Declaration in Support of Summary Judgment*, ECF No. 62"), 767 (expressly referring to ECF No. 62). There was therefore no mistake in this regard.

Plaintiff also complains that he was not served a copy of defendant's motion for summary judgment. Explaining that "he was at

5

the St. Marys Correctional Center in the State of West Virginia on February 2, 2016, when the defendant moved for summary judgment," plaintiff asks that the Court "set-aside all of its February 2, 2016, Orders, and order the parties to re-do their summary judgment processes." *Motion for Relief from Judgment,* PAGEID# 791. First, the Court notes that defendant's motion for summary judgment was filed on December 10, 2015. *See* ECF No. 100. It was the Court's order adopting and affirming, without objection, the January 11, 2016 recommended disposition of the parties' motions for summary judgment that was entered on February 2, 2016. *See* ECF No. 105.

The docket indicates that, on September 28, 2015, plaintiff filed a notice that his address had changed to "North Central Regional Jail, #1 Lois Lane, Greenbrier, W.Va." *Notice of Change of Address*, ECF No. 96. Defendant's counsel mailed a copy of defendant's motion for summary judgment to plaintiff at that address. *Defendant Brian Wittrup's Response to Plaintiff's Motion for Summary Judgment (Docs. 51, 61, 62) and Defendant Brian Wittrup's Motion for Summary Judgment*, ECF No. 100, PAGEID# 753. Plaintiff never indicated on the docket, prior to either the filing of defendant's motion for summary judgment or the entry of the Court's recommendation or order, that his address had changed yet again.[1] It was not until June 9, 2016 – months after final judgment had been entered – that plaintiff filed yet another notice of change of address, indicating that he is currently housed at

---

[1] The docket indicates that a number of mailings from the Court to plaintiff were returned as undeliverable. *See* ECF Nos. 101, 103, 107, 108.

6

the Huttonsville Correctional Center, P.O. Box 1, Huttonsville, W.Va. *Notice of Change of Address*, ECF No. 109.

It is a litigant's responsibility to keep opposing counsel and the court advised of his current address. *See*, *e.g.*, *Barber v. Runyon*, No. 93-6318, 1994 U.S. App. LEXIS 9709, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [pro se Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *Lewis v. Miller*, 2013 U.S. Dist. LEXIS 158982, at *2 (S.D. Ohio Nov. 6, 2013) ("'[I]t is the obligation of every litigant to update the Court with his current address, failing which, litigation may become subject to dismissal for failure to prosecute.'")(quoting *Aden v. Herrington*, No. 1:12-cv-86, 2012 U.S. Dist. LEXIS 153392, at *3 n.1 (S.D. Ohio October 25, 2012)). *See also A Guide for Pro Se Civil Litigants Representing Yourself in the United States District Court for the Southern District of Ohio* (effective July 1, 2013), p. 14 (advising that *pro se* litigants must promptly notify the Court and opposing parties in writing of any change in address and warning that "[**i**]**f you fail to keep the Court informed of your current address/telephone number, your case may be dismissed for lack of prosecution**")(emphasis in original). Defendant's motion for summary judgment, and the recommendation and orders of the Court, were mailed to plaintiff at the address provided by him. If he did not receive those filings, that failure was attributable to him alone and will not provide a basis for relief from the final judgment entered in this case.

Plaintiff also complains that he was unable to properly argue his case because of the conditions under which he was held in Ohio's prisons, which offered only limited access to legal materials. *Motion for Relief from Judgment,* PAGEID# 795-98; *see also generally Reply*. He asks that he be permitted to "re-plead his action." *Motion for Relief from Judgment,* PAGEID# 798. Recognizing that actual injury – which he neither alleged nor established - is a component of his Eighth Amendment claim, *see* 42 U.S.C. § 1997e(e),[2] plaintiff specifically asks this Court to "overturn Wilson v. Tacklich," *id.* at PAGEID# 801, and to award him punitive damages. *Id.* at PAGEID# 802. *See also Reply*, PAGEID# 876-906, 930-33 (challenging the reasoning in *Babcock v. White,* 102 F.3d 267 (7th Cir. 1996)). As even plaintiff appears to concede, *see generally Reply*,[3] actual harm or injury is an essential element of an Eighth Amendment claim for monetary damages resulting from deliberate indifference. *See Wilson v. Yaklich*, 148 F.3d 596 (6th Cir. 1998)(Eighth Amendment claim of deliberate indifference was properly dismissed where inmate failed to allege "that he actually suffered any harm because of the defendants' conduct or that he is

---

[2] "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)."
[3] In his *Reply*, plaintiff argues that Ohio prison officials, by placing him in segregation and limiting his access to legal materials, denied him access to the courts: "And Dugas has just shown actual injury to his complaint's substantive tenants [sic] flowing from him not being able to research his case prior to having filed it." *Id*. at PAGEID# 862. To the extent that plaintiff may intend to assert an entirely new claim against individuals not named as defendants in this case, a reply in support of a motion for relief from final judgment is not the appropriate vehicle in which to do so.  *See also* 42 U.S.C. § 1997e(a)(requiring the exhaustion of administrative remedies prior to a prisoner's assertion of prison conditions claims).

currently threatened with such harm"). This Court is without authority to either disregard controlling statutory law or overturn controlling Sixth Circuit precedent.

Plaintiff also challenges the reasoning and conclusions of the Court in granting defendant's motion for summary judgment.[4] *See generally Reply*, PAGEID# 924-30, 934-36. Nothing argued by plaintiff in this regard, however, persuades the Court that final judgment was entered in error.

In summary, plaintiff is not entitled to relief under Rule 60(b)(1) because he did not establish that the Court's grant of defendant's motion for summary judgment was based on any mistake or legal error; he is not entitled to relief under Rule 60(b)(2)-(b)(5) because his claim does not rely on any new evidence, fraud or misconduct by an opposing party, a void judgment, or a judgment that had been satisfied, released or discharged; relief under Rule 60(b)(6), which is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule," *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007) (internal quotation marks omitted), is not appropriate because plaintiff has not established the existence of any exceptional circumstances warranting relief from the judgment in favor of defendant.

---

[4] Plaintiff now claims psychological injury resulting from his time spent in isolation and away from the general prison population (and, presumably, where he would have been assigned had he been granted protective custody), *Reply*, PAGEID# 934-35, and physical injury resulting from a hunger strike undertaken by him. *Id*. at PAGEID# 935.

9

***Motion to Reopen Time to File an Appeal***

Plaintiff asks that the time for filing an appeal from the final judgment entered in this case be reopened. Ordinarily, a notice of appeal from a judgment in a civil case must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. Pro. 4(a)(1). A timely notice of appeal from the judgment entered in this case on February 2, 2016, then, should have been filed by March 4, 2016. However, a district court may reopen the time for filing a notice of appeal, for fourteen (14) days, if

- (A) the court finds that the moving party did not receive notice under Federal Rules of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
- (B) the motion is filed within 180 days after the judgment or order is entered **or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier**; and
- (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6)(emphasis added). The docket indicates that the copy of the *Judgment* mailed to plaintiff was returned with the notation "undeliverable." *Mail Returned as Undeliverable*, ECF No. 107. Plaintiff filed the *Motion to Reopen Time to File an Appeal* on July 22, 2016, *i.e.*, less than 180 days after the entry of the February 2, 2016, *Judgment*. However, a copy of the *Order and Report and Recommendation*, ECF No. 104, the *Order*, ECF No. 105 adopting that recommendation, and the *Judgment*, ECF No. 106, were mailed to plaintiff at his current address on June 9, 2016. *Mailing Notice* (June 9, 2016). Moreover, a copy of the Court's *Order* denying plaintiff's renewed motion for summary judgment, and which expressly referred to

10

the entry of final judgment on February 2, 2016, *Order*, ECF No. 111, was mailed to plaintiff at his current address on June 10, 2016. Thus, a request to reopen the time for filing a notice of appeal should have been filed within fourteen (14) days of the date that plaintiff received a copy of the *Judgment*. Plaintiff had certainly received a copy of the *Judgment* by June 21, 2016, *i.e.,* the date on which he executed the *Motion for Relief from Judgment, see id*. at PAGEID# 833. A request to reopen the time to file an appeal should therefore have been filed no later than July 5, 2016. *See* Fed. R. App. Pro. 4(a)(6)(B). However, plaintiff's *Motion to Reopen Time to File an Appeal* was not filed until July 22, 2016, and was executed by plaintiff only on July 20, 2016. *See id*. at PAGEID# 851, 853. Under these circumstances, the standard of Rule 4(a)(6) of the Federal Rules of Appellate Procedure has not been met.

**WHEREUPON**, it is **RECOMMENDED** that plaintiff's *Motion by Plaintiff Greg Dugas Pursuant to Rule 60(b) for Relief from the Final Judgment and Order of the Court*, ECF No. 112, be **DENIED**. It is **FURTHER RECOMMENDED** that Plaintiff's *Motion and Supporting Declaration by Plaintiff Greg Dugas to Reopen the Time to File an Appeal*, ECF No. 116, be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part

11

thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


August 31, 2016                                         *s/Norah McCann King*
                                                          Norah McCann King
                                                     United States Magistrate Judge