UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREG DUGAS,

    Plaintiff,

    v.

BRIAN WITTRUP,

    Defendant.

Case No. 2:15-cv-67
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Plaintiff Greg Dugas's Objections [ECF No. 120] to the Magistrate Judge's Report and Recommendation [ECF No. 119] recommending that the Court deny Plaintiff's Motion for Relief from Judgment [ECF No. 112]. For the following reasons, Plaintiff's Objections [ECF No. 120] are **OVERRULED**, and the Magistrate Judge's Report and Recommendation [ECF No. 119] is **ADOPTED** and **AFFIRMED**.

I.

Plaintiff, an inmate currently imprisoned at Huttonsville Correctional Center in Huttonsville, West Virginia, brought this action under 42 U.S.C. § 1983 against Brian Wittrup, Chief of the Bureau of Classification for the Ohio Department of Rehabilitation and Correction ("ODRC"), alleging that Wittrup was deliberately indifferent to a serious risk of harm to Plaintiff's safety in violation of Plaintiff's constitutional rights. The Court dismissed Plaintiff's action on February 2, 2016 and entered final judgment in the case that same day. (Feb. 2, 2016 Order at 1 [ECF No. 105]; J. in a Civil Case at 1 [ECF No. 106].) Plaintiff filed a Renewed Motion for Summary Judgment [ECF No. 110] on June 9, 2016. The Court denied that motion a day later. (June 10, 2016 Order at 1 [ECF No. 111].)

On June 27, 2016, Plaintiff moved under Federal Rule of Civil Procedure 60(b) for relief from judgment. (Mot. for Relief from J. at 1 [ECF No. 112].) And on July 22, Plaintiff moved to reopen the time to file his appeal. (Mot. to Reopen Appeal Time at 1 [ECF No. 116].) The Magistrate Judge recommended that these post-judgment motions be denied, and Plaintiff has now objected to the recommendation to the extent that it deals with Plaintiff's Rule 60(b) motion. (Aug. 31, 2016 Report & Recommendation at 2 [ECF No. 119]; Objections at 1–2 [ECF No. 120].)

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1)(C) provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(3); *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001).

Plaintiff objects to the Magistrate Judge's recommendation that the Court deny Plaintiff's Motion for Relief from Judgment under Rule 60(b). Plaintiff raises two objections. Under Rule 60(b), a district court may grant a motion for relief from judgment for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant

2

relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). Rule 60(b) does not permit parties to relitigate the merits of a claim. *Sultaana v. Bova*, No. 1:12-cv-3117, 2013 WL 5507298, at *2 (N.D. Ohio Oct. 2, 2013). "[T]he purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when that judgment rests on a defective foundation. The factual predicate of a Rule 60(b) motion therefore deals with some irregularity or procedural defect in the procurement of the judgment denying relief." *Id.*

Plaintiff's first objection relates to his argument that he was afforded insufficient access to legal materials. On that issue, the Magistrate Judge explained:

> In his *Reply*, plaintiff argues that Ohio prison officials, by placing him in segregation and limiting his access to legal materials, denied him access to the courts: "And Dugas has just shown actual injury to his complaint's substantive tenants [sic] flowing from him not being able to research his case prior to having filed it." *Id.* at PAGEID# 862. To the extent that plaintiff may intend to assert an entirely new claim against individuals not named as defendants in this case, a reply in support of a motion for relief from final judgment is not the appropriate vehicle in which to do so. *See also* 42 U.S.C. § 1997e(a) (requiring the exhaustion of administrative remedies prior to a prisoner's assertion of prison conditions claims).

(Aug. 31, 2016 Report & Recommendation at 8 n.3 [ECF No. 119].) Plaintiff's argument on access to legal materials is purportedly an "INDEPENDENT ACTION" brought under *Bounds v. Smith*, 430 U.S. 817 (1977), that enjoys its "own Article III standing[]." (Objections at 1 [ECF No. 120].) Because the Magistrate Judge did not "take cognizance of the independent nature of the *Bounds* claims, [P]laintiff objects." (*Id.* at 2.)

Plaintiff's objection suffers from a fatal flaw: Plaintiff only raised his *Bounds* argument after the Court had already granted summary judgment in Defendant's favor. Plaintiff, in other words, attempts to defend against summary judgment using an argument raised for the first time in his Rule 60(b) motion. (*See* Mot. for Relief from J. at 4 [ECF No. 112].) "Rule 60(b), however, does not provide relief simply because litigants belatedly present new . . . arguments

3

after the [Court] has made its final ruling." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). Accordingly, Plaintiff's first objection is overruled.

For his second objection, Plaintiff "objects to the magistrate's theory that he has not met the objective and subjective components of his Eighth Amend[ment] claim." (Objections at 2 n.1 (emphasis omitted).) Quoting her prior analysis, the Magistrate Judge discussed Plaintiff's Eighth Amendment claim in her Report and Recommendation on the Rule 60(b) motion:

> [P]laintiff has offered nothing more than a generalized concern for his safety from unidentified inmates. Under these circumstances, plaintiff has failed to meet the objective prong of his deliberate indifference claim.
>
> Furthermore, plaintiff has not satisfied the subjective prong of his claim, which requires that he show that defendant Wittrup knew of and yet disregarded an excessive risk to plaintiff's safety, *i.e.*, that defendant "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* [*v. Brennan*], 511 U.S. [825,] 837 [(1994)]. Moreover, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 830 (stating that a "prison official's duty under the Eighth Amendment is to ensure 'reasonable safety'") (citation omitted)). In the case presently before the Court, plaintiff has failed to show that defendant was aware of facts showing that plaintiff faced a substantial risk of serious harm or that defendant drew such an inference. . . . CCI [*i.e.*, the prison in which plaintiff had been housed] conducted an investigation following plaintiff's request for placement in protective control but discovered no evidence of an actual, particularized threat to plaintiff's safety. *Arledge Affidavit*, ¶¶ 11–12 (averring further that plaintiff "was unable to provide any names of the inmates with whom he was playing pool or the names of the inmates looking for him at CCI"). Moreover, plaintiff was in segregation at CCI from November 8, 2014, until at least January 9, 2015 and "has not been harmed and does not claim that he has been harmed since his arrival at CCI on November 3, 2014." *Id.* at ¶¶ 13–14. Indeed, although he was not released from CCI until September 2015, *see Notice*, ECF No. 96, plaintiff offers no evidence that he was specifically threatened or harmed prior to his release. Therefore, nothing in the present record establishes either that defendant was aware that plaintiff faced a substantial risk of serious harm or failed to respond reasonably to any such risk. *See Farmer*, 511 U.S. at 830, 837. *Cf. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992) ("The fact that the defendants knew that SPSM housed many violent prisoners and that prison violence did occur is not sufficient to constitute deliberate indifference."). Accordingly, plaintiff's claim for monetary damages against defendant in his personal capacity is without merit.

(Aug. 31, 2016 Report & Recommendation at 3–4 [ECF No. 119] (quoting Jan. 11, 2016 Report & Recommendation at 17–18 [ECF No. 104]).) Plaintiff offers no elaboration on how the Magistrate Judge allegedly erred in her analysis of his Eighth Amendment claim. And Plaintiff fails to explain how his general objection fits within one of the categories outlined in Rule 60(b) justifying relief from judgment. Consequently, the Court need not consider Plaintiff's second objection. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections [under 28 U.S.C. § 636(b)(1)(C)] and is tantamount to a complete failure to object."); *Lewis*, 987 F.2d at 396 (stating that a party seeking relief under Rule 60(b) "must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment").

## III.

For the reasons stated above, Plaintiff's Objections [ECF No. 120] are **OVERRULED**, and the Magistrate Judge's Report and Recommendation [ECF No. 119] is **ADOPTED** and **AFFIRMED**.

IT IS SO ORDERED.

10-19-2016
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5